FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 19 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00963-BNB

WILLIAM B. FITZSIMMONS,

    Plaintiff,

v.

SHERIFF ROUTT COUNTY COLORADO,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, William B. Fitzsimmons, is currently incarcerated at the Gilpin County Detention Center in Black Hawk, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on April 12, 2011. He has paid the $350.00 filing fee.

The Court must construe the Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.* Under Section 1983, a plaintiff must allege that

1

the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law. For the reasons stated below, Mr. Fitzsimmons will be directed to file an amended complaint.

Mr. Fitzsimmons asserts two claims for relief. Mr. Fitzsimmons alleges that on March 22, 2011, he was arrested in Steamboat Springs, Colorado. He alleges that an unnamed party "loaded [him] into a small "30 x 70" steel box in the back of a club van" and that he was not provided with a seat belt or restraint of any kind. Complaint at 4. Mr. Fitzsimmons asserts that during his transport the driver of the vehicle slammed on the brakes causing Mr. Fitzsimmons to violently slide into the back of the "separation wall." *Id.* He asserts that the impact nearly broke his neck and left him with a contusion and puncture wound on the back of his head. *Id.* Mr. Fitzsimmons alleges that this conduct violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. He fails, however, to assert how each named Defendant violated his constitutional rights.

Personal participation by the named defendants is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). *Id.* Mr. Fitzsimmons must show that each defendant caused the deprivation of a federal right. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the Sheriff of Routt County, may not be held liable merely because of his or her supervisory position.

*See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Fitzsimmons fails to assert how Defendants personally participated in the alleged constitutional violations. Therefore, he will be directed to file an Amended Complaint that alleges how all named Defendants personally participated in the alleged constitutional violations. The Amended "[C]omplaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Fitzsimmons may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Fitzsimmons uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service. Accordingly, it is

ORDERED that Plaintiff, William B. Fitzsimmons, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Fitzsimmons, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Fitzsimmons fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED May 19, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00963-BNB

William B Fitzsimmons
PO Box 2474
Steamboat Springs, CO 80474

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on May 19, 2011.

                                              GREGORY C. LANGHAM, CLERK

                                              By: _____
                                                      Deputy Clerk