FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00963-BNB

WILLIAM B. FITZSIMMONS,

    Plaintiff,

v.

SHERIFF ROUTT COUNTY COLORADO,
DEPUTY MAGDALENA ENGER, and
DEPUTY BROCK KNEZ,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

    Plaintiff, William B. Fitzsimmons, is currently a resident of Steamboat Springs, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on April 12, 2011. He has paid the $350.00 filing fee.

    On May 19, 2011, Magistrate Judge Boland found that the complaint was deficient, because Mr. Fitzsimmons failed to allege the personal participation of each named defendant. Therefore, Mr. Fitzsimmons was directed to file an amended complaint, which he submitted on June 13, 2011.

    On June 24, 2011, Magistrate Judge Boland found that the amended complaint was deficient because Mr. Fitzsimmons failed to use the Court-approved form, and failed to allege the personal participation of each named Defendant. Therefore, Mr.

Fitzsimmons was directed to file a second amended complaint, which he submitted to the Court on July 1, 2011.

The Court must construe the second amended complaint liberally because Mr. Fitzsimmons is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Fitzsimmons asserts one claim in this action. As background for his claim, Mr. Fitzsimmons alleges that on March 22, 2011, he was arrested in Steamboat Springs, Colorado. He alleges that Defendant Deputy Brock Knez loaded him into a "30 x 70 small steel box in the back of a club van" and that he was not provided with a seat belt or restraint of any kind. Second Amended Complaint at 2. Mr. Fitzsimmons asserts that during his transport, the driver of the vehicle, Defendant Deputy Magdalena Enger, slammed on the brakes, causing Mr. Fitzsimmons to violently slide into the back of the "separation wall." *Id.* He asserts that the impact nearly broke his neck, and left him with a contusion and puncture wound on the back of his head. *Id.* at 3. Mr. Fitzsimmons alleges that this treatment violated his right to be free from cruel and unusual punishment pursuant to the Eighth Amendment. As relief, Mr. Fitzsimmons seeks damages.

In the second amended complaint, Mr. Fitzsimmons does not assert any claims against Defendant Sheriff [of] Routt County, Colorado. Mr. Fitzsimmons was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A Defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Mr. Fitzsimmons cannot establish the personal participation of this Defendant, because his second amended complaint is completely devoid of any allegations against the Sheriff of Routt County. Accordingly, the Sheriff of Routt County, Colorado, is an improper party to this action and will be dismissed.

Upon completion of the Court's review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Fitzsimmons' claim does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. The only remaining Defendants are Deputy Magdalena Enger and Deputy Brock Knez. Accordingly, it is

ORDERED that Defendants Sheriff [of] Routt County, Colorado is dismissed as a party to this action for Plaintiff's failure to allege his personal participation. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this __1st__ day of ___August___, 2011.

BY THE COURT:

    __s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00963-BNB

William B Fitzsimmons
PO Box 2474
Steamboat Springs, CO 80474

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 2, 2011.

                                        GREGORY C. LANGHAM, CLERK

                                  By: _____
                                                Deputy Clerk