IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00963-PAB-BNB

WILLIAM B. FITZSIMMONS,

Plaintiff,

v.

DEPUTY MAGDALENA ENGER, and
DEPUTY BROCK KNEZ,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

The plaintiff filed his Second Amended Complaint on July 1, 2011 [Doc. #13]. On August 17, 2011, I ordered the plaintiff to file proof of service on or before December 1, 2011 [Doc. #17].[1] The plaintiff has not filed proof of service.

It also appears that the plaintiff has failed to comply with Rule 4(m), Fed. R. Civ. P., which provides in part:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The 120 days for service provided in Rule 4(m) expired on October 29, 2011.

---

[1] The plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, and the record reflects that he is not incarcerated.

Consequently, I ordered that the plaintiff to show cause on or before December 21, 2011, why this case should not be dismissed for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court [Doc. #20]. D.C.COLO.LCivR 41.1. I cautioned the plaintiff that failure to show cause on or before December 21, 2011, would result in my recommendation that the Second Amended Complaint be dismissed.

The plaintiff did not respond to the order to show cause. Indeed, although the envelope containing the order was sent to the plaintiff at his recently changed address of record, it was returned to the court as undeliverable [Doc. #21].

I respectfully RECOMMEND that the Second Amended Complaint be dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 28, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge