IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-00963-PAB-BNB

WILLIAM B. FITZSIMMONS,

    Plaintiff,

v.

DEPUTY MAGDALENA ENGER and
DEPUTY BROCK KNEZ,

    Defendants.

_____

**ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION**
_____

This matter is before the Court on the Recommendation of United States Magistrate Judge Boyd N. Boland filed on December 28, 2011 [Docket No. 23]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. *See also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on December 28, 2011. No party has objected to the Recommendation.

As noted in the Recommendation, court mail addressed to plaintiff has been returned as undeliverable since December 20, 2011. The Recommendation was served at plaintiff's last known address and was also returned as undeliverable. Plaintiff has failed to inform the court of his current mailing address and therefore bears responsibility for not receiving a copy of the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *Summers v. Utah*, 927 F.2d


1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1] *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, I have concluded that the Recommendation is a correct application of the facts and the law. Accordingly, it is

**ORDERED** as follows:

1. The Recommendation of United States Magistrate Judge [Docket No. 23] is ACCEPTED.

2. The Second Amended Complaint [Docket No. 13] is dismissed pursuant to D.C.COLO.LCivR 41.1 for failure to prosecute, failure to timely effect service of process as required by the Federal Rules of Civil Procedure, and failure to comply with an order of this court.

3. This case is dismissed.

DATED January 23, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).